UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFREDO PALAZUELOS
VELASCO,

       Petitioner,

    v.                           Case No.:  2:26-cv-02053-SPC-NPM

WARDEN OF SOUTH SIDE
FLORIDA FACILITY (ALIGATOR
ALCATRAZ) *et al.*,

       Respondents,

## OPINION AND ORDER

Before the Court are petitioner Alfredo Palazuelos Velasco's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Palazuelos Velasco is a native of Cuba who entered the United States in 1980.  After convictions for sexual assault and attempted sexual battery, an immigration judge ordered him removed from the country in 1997. Immigration and Customs Enforcement ("ICE") released him on an order of supervision on April 7, 2003.  Palazuelos Velasco was convicted of failing to register as a sex offender in 2014 and again on December 22, 2025.

Following his second conviction for failing to register, ICE issued an immigration detainer.  On February 4, 2026, ICE revoked Palazuelos Velasco's release under 8 C.F.R. § 241.13(i) for violating conditions of release and

because there is a significant likelihood of removal in the reasonably foreseeable future. He has been in ICE detention since then. Palazuelos Velasco argues his detention is unlawful because his removal is not likely in the foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Palazuelos Velasco's current detention is lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release. Palazuelos Velasco does not contest that his conviction for failing to register as a sex offender violated the terms of his order of supervision. Thus, he "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released." 8 C.F.R. § 241.13(i)(1). After that six-month period, Palazuelos Velasco may request review of his detention by the HQPDU. *See* 8 C.F.R. § 241.13(j).

At bottom, Palazuelos Velasco does not claim ICE failed to afford the process due under § 241.13(i)(1), and federal law does not prohibit ICE from re-detaining a noncitizen who violated conditions of an order of supervision. *See Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

Accordingly, it is hereby

**ORDERED:**

Alfredo Palazuelos Velasco's Petition for Writ of Habeas Corpus (Doc. 1)

is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record